IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                                Civil Case No. 14-4090

STEVEN JENKINS; ROGER JENKINS; KENNETH JENKINS; and JOE JENKINS; heirs of Doris V. Jenkins (deceased) and Paul A Jenkins (deceased); and STACY JENKINS; L.J (MINOR); JULIE McROBERTS; and MELISSA WRIGHT; as heirs of Melvin Jenkins, deceased heir of Doris V. Jenkins (deceased) and Paul A. Jenkins (deceased); and the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such of the defendants as may be deceased; the Unknown Spouses of the defendants; the Unknown Stockholders, Officers, Successors, Trustees, Creditors and Assignees of such defendants as are existing, dissolved or dormant corporations; the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors and Assignees of such defendants as are or were partners or in partnership; and the Unknown Guardians, Conservators and Trustees of such of the defendants as are minors or are in any way under legal disability; and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person alleged to be deceased,

      Defendants.

<u>COMPLAINT</u>

Comes now Plaintiff United States of America by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Tanya Sue Wilson, Assistant United States Attorney, and for its cause of action alleges:

1. This is an *in rem* civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made in the following manner:

   a. Upon Defendant Steven Jenkins, by delivering a Summons and a copy of the Complaint to him at 305 N. Kirkwood, Highland, KS 66035, within the jurisdiction of this Court.

   b. Upon Defendant Roger Jenkins, by delivering a Summons and a copy of the Complaint to him at 133 March CV, Searcy, AR 72143, and is considered within the jurisdiction of this Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann. § 60-308(b)(3)), and may be served pursuant to 28 U.S.C. § 1655.

   c. Upon Defendant Kenneth Jenkins, by delivering a Summons and a copy of the Complaint to him at 412 W. Railroad Street, Hurland, MO 63457, and is considered within the jurisdiction of this Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann. § 60-308(b)(3)), and may be served pursuant to 28 U.S.C. § 1655.

   d. Upon Defendant Joe Jenkins, by delivering a Summons and a copy of the Complaint to him at the Wathena Healthcare and Rehabilitation Center at 2112 Highway 36, Wathena, KS 66090, within the jurisdiction of this Court.

   e. Upon Defendant Stacey Jenkins, by delivering a Summons and a copy of the Complaint to her at 2210 Prairie, Burns, WY 82053, and is considered within the jurisdiction of this

Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann § 60-308(b)(3)), and may be served pursuant to 28 U.S.C. § 1655.

      f.      Upon Minor Defendant L.J., by delivering a Summons and a copy of the Complaint to her at 2210 Prairie, Burns, WY 82053, and is considered within the jurisdiction of this Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann § 60-308(b)(3)), and may be served pursuant to 28 U.S.C. § 1655 and K.S.A. § 60-304(b).

      g.      Upon Defendant Julie McRoberts, by delivering a Summons and a copy of the Complaint to her at 1204 Main Street, Paola, KS 66071, within the jurisdiction of this Court.

      h.      Upon Defendant Melissa Wright a/k/a Melissa Tucker, by delivering a Summons and a copy of the Complaint to her at 9902 Falls Spring Road, NW, Dundee, OH 44608 and is considered within the jurisdiction of this Court pursuant to the Kansas long-arm statute (Kan. Stat. Ann § 60-308(b)(3)), and may be served pursuant to 28 U.S.C. § 1655.

    3.    On or about February 7, 1990, Doris V. Jenkins and Paul A. Jenkins (deceased borrowers) executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a Promissory Note whereby they promised to pay Plaintiff the sum of $32,000.00 with interest thereon at 8 3/4 percent per annum. As consideration for the Note, Plaintiff made a Rural Housing loan to Doris V. Jenkins and Paul A. Jenkins (deceased borrowers) pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.). A true and correct copy of the Note is attached as Exhibit A.

    4.    At the same time and place and as part of the same transaction, to secure the payment of the Note, Doris V. Jenkins and Paul A. Jenkins (deceased borrowers) executed and delivered to

Plaintiff a purchase-money security interest in the form of a Real Estate Mortgage upon certain real estate in Doniphan County, Kansas, within the jurisdiction of this Court, to-wit:

> Lots 3, 4, 5, and 6 in Block 37, in the Original Town, now City of Highland.

5.  This Mortgage was recorded in the office of the Register of Deeds of Doniphan County, Kansas, on February 7, 1990, in Book 185 at Page 468. A true and correct copy of the Mortgage is attached as Exhibit B.

6.  Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the real estate mortgage, also secures the recapture of interest credit or subsidy granted to Doris V. Jenkins and Paul A. Jenkins (deceased borrowers). The total amount of interest credit or subsidy subject to recapture is $32,872.24, such amount to be recovered *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and accrued interest through the date of any judgment entered herein.

7.  Plaintiff is the owner and holder of the Promissory Note and Real Estate Mortgage, Exhibits A and B.

8.  Doris V. Jenkins and Paul A. Jenkins (deceased borrowers) have failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the Note and Mortgage. Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

9.  Plaintiff is owed *in rem*, under the provisions of the Promissory Note and Real Estate Mortgage, a balance of $67,029.24, including the principal sum of $27,324.10 (including principal of $21,225.88, escrow replenish of $2,831.36, title of $175.00, appraisal of $350.00, and escrow/impound of $2,741.86); and $6,832.90 interest accrued to September 11, 2014, (including

principal interest of $6,088.76 and interest on advances of $744.14); plus daily interest accruing at the contract rate of $5.8930 (including daily interest on principal of $5.0884 and daily interest on advances of $0.8046), plus $32,872.24 interest credit or subsidy subject to recapture.

10. No other action has been brought for the recovery of the balance due.

11. Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq*.

12. The following Defendants may claim an interest in the real estate subject to this foreclosure:

    a. Steven Jenkins may claim an interest as a lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins.

    b. Roger Jenkins may claim an interest as a lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins.

    c. Kenneth Jenkins may claim an interest as a lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins.

    d. Joe Jenkins may claim an interest as a lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins.

    e. Stacey Jenkins, surviving spouse of Melvin Jenkins, deceased lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins, may claim an interest.

    f. L.J., minor daughter of Melvin Jenkins, deceased lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins, may claim an interest.

   g. Julie McRoberts, daughter of Melvin Jenkins, deceased lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A Jenkins, may claim an interest.

   h. Melissa Wright, daughter of Melvin Jenkins, deceased lineal descendant (son) of the deceased borrowers, Doris V. Jenkins and Paul A. Jenkins, may claim an interest.

 13. The interests of all Defendants are junior and inferior to the interests of Plaintiff.

 14. Less than one-third (1/3) of the original indebtedness secured by the Mortgage was paid prior to default.

 WHEREFORE, Plaintiff demands judgment *in rem* in the amount of $65,023.06, including the principal sum of $67,029.24, including the principal sum of $27,324.10 (including principal of $21,225.88, escrow replenish of $2,831.36, title of $175.00, appraisal of $350.00, and escrow/impound of $2,741.86); and $6,832.90 interest accrued to September 11, 2014, (including principal interest of $6,088.76 and interest on advances of $744.14); plus daily interest accruing at the contract rate of $5.8930 (including daily interest on principal of $5.0884 and daily interest on advances of $0.8046), per day to the date of judgment herein, together with interest at the legal rate thereafter; plus the costs of this action; and $32,872.24 for interest credit or subsidy subject to recapture.

 Plaintiff further demands that its Mortgage be declared a first and paramount lien on the real estate described therein and that such advances as Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

 Plaintiff further demands that all legal right, title and interest which said Defendants have in the real estate be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and

subject to a redemption period not to exceed three (3) months, pursuant to the provisions of K.S.A. § 60-2414(m), and that the sale be subject to any unpaid real estate taxes or special assessments, and that the sale proceeds be applied in the following order:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on plaintiff's judgment *in rem*;

(4) Plaintiff's judgment *in rem*; and

(5) The balance, if any, be brought into this Court to await its further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of Doris V. Jenkins and Paul A. Jenkins (deceased borrowers) and of all persons claiming by, through or under them be decreed to be junior and inferior to Plaintiff's mortgage and be absolutely barred and foreclosed.

If the purchaser of the real estate be denied possession, Plaintiff prays that upon the filing of a proper Praecipe, this Court issue a Writ of Assistance and without further order of this Court place the purchaser of the real estate in peaceable possession.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney
District of Kansas

 s/ Tanya Sue Wilson
TANYA SUE WILSON
Assistant United States Attorney
Ks. S.Ct. No. 11116
Federal Building, Suite 290
444 SE Quincy Street
Topeka, KS  66683-3592
Telephone:  785-295-2850
Facsimile:  785-295-2853
E-mail: tanya.wilson@usdoj.gov
Attorneys for the United States

REQUEST FOR PLACE OF TRIAL

The United States hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

 s/ Tanya Sue Wilson
TANYA SUE WILSON
Assistant United States Attorney